■ In the Matter of ARNETTA DAVIS, Respondent, v COREY PEGUES, Appellant. [698 NYS2d 499] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Clark, H.E.), dated June 5, 1997, which, after a hearing, *inter alia*, directed him to pay child support in the sum of $396 biweekly, and (2) so much of an order of the same court (Berman, J.), dated July 17, 1997, as denied his objections to the order of the Hearing Examiner.

Ordered that the appeals are dismissed, without costs or disbursements.

The full record of the proceedings in the Family Court has not been transcribed. The Family Court Act dispenses with the requirement that the record on appeal be printed (*see,* Family Ct Act § 1116). However, neither Family Court Act § 1116, nor 22 NYCRR 670.9 (d) (1) (ii), the rule of this Court which permits appeals from the Family Court to be prosecuted on the original record, excuses noncompliance with CPLR 5525 (a), which is made applicable to the Family Court pursuant to Family Court Act § 1118. CPLR 5525 (b) necessitates the transcription of the record. Since the appellant failed to order and settle the transcript of the proceedings and the exception set forth in CPLR 5525 (b) is not applicable, the appeals must be dismissed (*see, Matter of Baiko v Baiko,* 141 AD2d 635; *see also, Matter of Meier v Meier,* 204 AD2d 328). O'Brien, J. P., Santucci, Thompson and Altman, JJ., concur.